UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3834** |
| **MEDICAL DIRECTOR JEAN LLOVET, ET AL.** | **SECTION: "I"(1)** |

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Douglas Walker, a state pretrial detainee, filed this *pro se* complaint against Jean Llovet, Fred Harris, John Marquez, and Gina Stamps.[1] Plaintiff subsequently amended the complaint to add Deputy Coffie, Glen Jett, and Sergeant Alexander as defendants.[2]

Based on the complaint, as amended, and the testimony at the Spears hearing,[3] the Court finds that plaintiff is making the following allegations in this lawsuit. Plaintiff has Parkinson's

---

[1] Rec. Doc. 1.

[2] Rec. Docs. 7, 8, 17, and 20.

[3] A Spears hearing was held on July 31, 2008, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Disease, having been diagnosed in 2003. In March of 2008, he injured his back when he slipped in a puddle of water at the Jefferson Parish Correctional Center. When he was unable to get up from the floor, he was taken to the infirmary and placed in a bed. He thereafter fell asleep; however, he was awakened approximately two hours later when defendants Harris, Marquez, Coffie, and Alexander began beating him and accusing him of faking his injuries. Defendant Jett, the nurse on duty, refused to examine plaintiff or send him to the hospital; Jett also speculated that plaintiff was faking his injuries. Plaintiff was then removed from the infirmary and placed back on the tier. At the <u>Spears</u> hearing, plaintiff testified that defendant Llovet was not present during this incident; however, during subsequent visits to the medical unit, plaintiff advised her of what occurred and of his injuries, but she refused to send him for medical care outside of the facility.

Defendants Llovet and Jett filed a motion to dismiss;[4] however, because they presented with the motion matters outside of the complaint for the Court's consideration, the parties were notified that the motion would be treated as one for summary judgment pursuant to Fed.R.Civ.P. 56. See Fed.R.Civ.P. 12(b).[5] Plaintiff was ordered to file a memorandum in opposition to that motion, but he has not done so.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record

---

[4] Rec. Doc. 22.

[5] Rec. Doc. 24.

2

which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this lawsuit, plaintiff complains that (1) defendant Jett failed to examine him or send him to the hospital during the initial stay in the infirmary and (2) defendant Llovet refused to send him for medical care outside of the facility after a follow-up examination.  Jett and Llovet argue in their motion that plaintiff's claims against them for inadequate medical care have no merit.[6]

It is clear that the constitutional rights of a pretrial detainee may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001).  However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.  Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him

---

[6] Because the Court agrees that plaintiff's claims have no merit for the reasons discussed herein, the Court does not address the alternative grounds for dismissal argued in defendants' motion.

> incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. ... And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In connection with their motion, Jett and Llovet have submitted copies of plaintiff's jail medical records which document the alleged injuries and the care he was given in connection with this incident. Those unrebutted records reflect that plaintiff was brought to the infirmary on March 4, 2008, after his fall. After examining plaintiff and noting that he was able to move all extremities, Jett admitted plaintiff to the infirmary for medical observation. Plaintiff refused pain medication, but Jett nevertheless administered Motrin. After approximately three hours of monitoring revealed no injuries, plaintiff was returned to his normal pod at the jail. An x-ray was then taken on March 14 and plaintiff was examined by a jail physician on March 25. The Court finds that the medical records establish that plaintiff's claims of injury were not ignored and that his alleged medical needs were not met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

It is evident that plaintiff feels that further evaluations should have been performed or additional care should have been provided. However, the fact that he and the jail medical staff disagreed on that issue is of no moment. It is clear that such a disagreement concerning whether certain medical treatment is necessary or appropriate generally is not actionable absent exceptional circumstances. Id. No such exceptional circumstances exist in this case. Further, the United States Fifth Circuit Court of Appeals has noted, "the decision whether to provide *additional* treatment is a classic example of a matter for medical judgment." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added; internal quotation marks omitted). The defendants' decisions in this case were clearly based on their professional judgment, and, as such, are not lightly second-guessed in a federal civil rights action. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). The same is true regarding their decisions that plaintiff should be treated in the jail medical department rather than by outside medical providers. See Alfred v. Texas Department of Criminal Justice, 80 Fed. App'x 926, 927-28 (5th Cir. 2003); see also Fowler v. Hodge, 94 Fed. App'x 710, 713 (10th Cir. 2004).

Moreover, even if defendants' medical judgment was ultimately wrong and additional treatment was necessary or advisable, a fact which has *not* been proven here, the failure to provide such additional care amounts to nothing more than negligence or medical malpractice. Such claims are ones for the state courts, not a federal court. See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under [state tort law].") It

5

is clear that allegations of negligence or malpractice alone are never sufficient to state a federal claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).[7]

It also is immaterial that defendants may not have provided plaintiff with the *best* medical care available. The fact that a prisoner's medical treatment "may not have been the best money could buy" is simply insufficient to establish a constitutional violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006) ("deliberate indifference exists wholly independent of an optimal standard of care"); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Rather, as noted, the applicable test is whether defendants were *deliberately indifferent* to plaintiff's serious medical needs. For the reasons previously stated, it is evident that they were not.

Accordingly, for all of the foregoing reasons, the Court finds that defendants' unopposed motion should be granted and that plaintiff's federal civil rights claims against Jean Llovet and Glen D. Jett should be dismissed.

---

[7] The Court does not construe plaintiff's complaint as asserting a state malpractice claim. Nevertheless, as defendants note in their motion, a plaintiff must first exhaust his state statutory remedies prior to asserting such a claim. Defendants contend, and plaintiff does not dispute, that plaintiff failed to exhaust those remedies or argue that Louisiana law does not require exhaustion with respect to his claims. Accordingly, the Court finds any such state law claims would be premature. Castellanos v. Jefferson Parish Correctional Center, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008); see also Adams v. Foti, Civ. Action No. 02-1059, 2004 WL 241859, at *3-4 (E.D. La. Feb. 5, 2004); Robert Andrew Parish v. Harry Lee, Civ. Action No. 02-2655 (E.D. La. July 15, 2003).

<u>Excessive Force Claims</u>

This Partial Report and Recommendation does not address plaintiff's excessive force claims against the remaining defendants. At least for now, those claims should be allowed to proceed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that defendants' unopposed motion, Rec. Doc. 22, be **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's federal civil rights claims against Jean Llovet and Glen D. Jett be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of October, 2008.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE